```
                UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                      Alexandria Division

CELESTE R. CORRIGAN,              )
     Plaintiff,                   )
                                  )
          v.                      )  Civil Action No. 1:12cv840
                                  )
MORTGAGE ELECTRONIC               )
REGISTRATION SYSTEMS, INC.,       )
     Defendant.                   )
                                  )
```

## REPORT AND RECOMMENDATION

This matter comes before the Court on plaintiff's failure to attend the initial pretrial conference (Dkt. 13) and plaintiff's failure to appear at the show cause hearing on September 28, 2012 (Dkt. 19). At the show cause hearing held on September 28, 2012, the undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation.

## I.   PROCEDURAL HISTORY

Plaintiff filed a Complaint in this action on July 30, 2012, asking the Court to declare a deed of trust securing real property to be unenforceable. (Compl. 4-6.) Plaintiff asserts that the deed of trust is invalid and thus unenforceable because (1) it became part of a securitized trust, (2) defendant has not demonstrated to plaintiff that defendant is a holder in due course of the underlying promissory note, and (3) plaintiff did not receive notice when the underlying loan was transferred between creditors in 2006. (Compl. ¶¶ 9, 14-16.)

Defendant filed a Motion to Dismiss for Failure to State a Claim on August 20, 2012. (Dkt. 3.) Defendant alleges in this motion to dismiss that plaintiff filed the complaint in order to avoid a foreclosure sale of property and nothing found in the complaint demonstrates that the plaintiff is current on her mortgage or has paid off the underlying note. (Mot. Dismiss 1-3.) Defendant further asserts that plaintiff has failed to state a claim because (1) the facts alleged do not demonstrate that plaintiff has superior title to the property, (2) plaintiff's legal theory asserting defendant lacks authority to disclose is incorrect, and (3) plaintiff failed to allege any viable claim pursuant to the Truth in Lending Act. (Mot. Dismiss 5-11.)

Plaintiff responded on August 23, 2012 to defendant's Motion to Dismiss with an affidavit wherein plaintiff asserts that defendant failed to produce sufficient admissible facts to support the Motion to Dismiss. (Dkt. 5.) On the same date, plaintiff also filed a mostly unintelligible declaration in support of her complaint in which plaintiff asserts that sufficient evidence supports her complaint. (Dkt. 6.)

District Judge Brinkema then issued a Scheduling Order which set the initial pretrial conference for September 12, 2012, the discovery cut-off date for December 14, 2012, and the final pretrial conference for December 20, 2012. (Dkt. 7.) Judge Brinkema also ordered that the parties submit discovery plans by

the Wednesday occurring one week before the initial pretrial conference. (Id.) Plaintiff responded to this Scheduling Order by filing a document entitled "Notary Protest" on August 30, 2012, which repeated many, if not all, of the assertions in plaintiff's unintelligible declaration filed on August 23, 2012. (Dkt. 10.) However, plaintiff did not file a discovery plan and did not appear at the September 12, 2012 initial pretrial conference. (Dkt. 12.) Following the pretrial conference, the undersigned issued an order that approved defendant's discovery plan and bound plaintiff by the plan. (Dkt. 13.)

After plaintiff failed to appear at the initial pretrial conference, the undersigned ordered plaintiff to show cause at 10:00 a.m. on September 28, 2012 as to why the complaint should not be dismissed. (Dkt. 15.) Plaintiff responded by filing an "Affidavit of Truth" in which plaintiff declares, among other things, that she does not consent to the jurisdiction of a Magistrate Judge, the dates submitted in the discovery plan, or the date of the initial pretrial conference. (Dkt. 16.) Plaintiff also filed a document entitled "Judicial Notice" on September 29, 2012 in which plaintiff asserts that the undersigned lacks authority to issue orders. (Dkt. 17.)

On September 28, 2012, plaintiff failed to appear at her Show Cause hearing. (Dkt. 19.) Later on October 3, 2012, plaintiff filed an affidavit that purported to report an

investigation into her mortgage and has no relevance on plaintiff's failure to obey court orders. (Dkt. 20) Then, plaintiff filed an affidavit of truth on October 3, 2012 in response to the Motion to Dismiss. (Dkt. 21.)

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure provides that an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b) (West 2012). "A district court may dismiss an action for lack of prosecution, either upon motion by a defendant pursuant to Federal Rule of Civil Procedure 41(b) or on its own motion." Bush v. Adams, 2010 U.S. Dist. LEXIS 27991 (E.D. Va. Mar. 24, 2010) (quoting McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976)(internal quotes omitted)). In addition to the authorization provided by Fed. R. Civ. P. 41(b), a District Court retains an "inherent power" to dismiss for failure to prosecute. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).

In the instant case, the undersigned finds that plaintiff has failed to prosecute her action by (1) failing to obey the August 23, 2012 Scheduling Order when plaintiff failed to appear at the initial pretrial conference (Dkt. 12) and (2) failing to appear at her hearing to show cause why the complaint should not be dismissed. (Dkt. 19.) Instead of obeying court orders and appearing at the hearings, plaintiff has filed several

4

borderline unintelligible affidavits.

The undersigned recommends that plaintiff's complaint be dismissed with prejudice. Four factors must be examined to determine whether the harsh sanction of dismissal with prejudice is required. Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 921 (4th Cir. 1982). To consider a dismissal with prejudice the Court must consider: (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of "a drawn out history of deliberately proceeding in a dilatory fashion," and (4) the existence of a sanction less drastic than dismissal. Id. at 920 (quoting Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978)).

In the instant case, the entire responsibility rested with plaintiff as a *pro se* complainant. Furthermore, defendant was prejudiced by the time and costs spent litigating a case against a plaintiff who failed to appear and obey court orders and mainly filed almost unintelligible affidavits. Plaintiff also showed a history of ignoring required appearances by failing to appear for the initial pretrial conference and failing to appear at her show cause hearing. (Dkts. 12, 19.) Finally, a sanction less drastic than dismissal will not remedy plaintiff's pattern of avoiding court appearances and plaintiff's failure to obey court orders. Therefore, the undersigned recommends that plaintiff's complaint should be dismissed with prejudice.

## III. RECOMMENDATION

For the reasons outlined above, the undersigned recommends that the plaintiff's Complaint against defendant Mortgage Electronic Registration Systems, Inc. be dismissed for failure to prosecute and failure to comply with court orders.

## IV. NOTICE

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to plaintiff at the following address:

338 South Sharon Amily Road,
Suite 166
Charlotte, NC 28211-9998

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

October 10, 2012
Alexandria, Virginia