IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| CELESTE R. CORRIGAN, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:12-cv-840 (LMB/TCB) |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

On October 10, 2012, a magistrate judge issued a Report and Recommendation ("Report") [Dkt. No. 22] in which she recommended that the Affidivat [sic] Complaint to Quiet Title ("Complaint") [Dkt. No. 1] filed by pro se plaintiff Celeste R. Corrigan ("Corrigan") be dismissed with prejudice for failure to prosecute and failure to comply with court orders. The Report advised the parties that any objection to either its findings or its recommendations had to be filed within fourteen (14) days and that failure to file timely objections would waive appellate review of any judgment based on it.

On October 18, 2012, plaintiff filed an Affidavit of Truth Response to Magistrate Recommendation ("Objections") [Dkt. No. 23]. In her Objections, she accuses the magistrate judge of "persistent incompetence," "bias and prejudice," and being "without any evidence or Law to justify her Report and

Recommendation," and requests that this Court consider the "Report and Recommendation stricken from the records due to lack of authority." Objections at 1, 4. She also alleges that she "did not receive a copy of [a] Scheduling Order" issued on August 23, 2012, which set a pretrial conference for September 12, 2012, at which she failed to appear. Id. at 2.

Plaintiff's Objections are meritless. The procedural history of her civil action reveals that plaintiff has failed to properly prosecute her case. After plaintiff filed her complaint, defendant moved to dismiss and scheduled a hearing on that motion for September 28, 2012. [Dkt. Nos. 3, 8] This Court issued an Order on August 23, 2012, which scheduled an initial pretrial conference before a magistrate judge on September 12, 2012. [Dkt. No. 7] Plaintiff did not appear on the appointed day, and the magistrate judge ordered her appearance at a hearing on September 28, 2012, where she could show cause for why her complaint should not be dismissed and why she should not be held in contempt for her failure to adhere to the scheduling order. [Dkt. Nos. 14, 15]

On September 13, 2012, the Court received an Affidavit of Truth [Dkt. No. 16] that plaintiff had signed and mailed on September 11, 2012 - the day before her pretrial conference - in which plaintiff stated that she "did not receive information nor did [she] consent to [the] Initial Pretrial Conference set for

2

September 12, 2012" and that she also did "not consent to time set for Motion to Dismiss . . . on September 28, 2012." Aff. of Truth at 1-3. Additionally, plaintiff filed a Judicial Notice [Dkt. No. 17] on September 19, 2012, in which she challenged the authority of a magistrate judge to issue orders. Plaintiff then failed to appear for her show cause hearing before the magistrate judge on September 28, 2012. [Dkt. No. 19] She did not address her failure to appear in documents that she filed several days later entitled "Affidavit of William J. Paatalo" [Dkt. No. 20] and "Affidavit of Truth Response to Defendant [sic] Motion to Dismiss" [Dkt. No. 21].

After conducting a <u>de novo</u> review of the record, this Court concludes that the magistrate judge's Report correctly found that plaintiff's complaint should be dismissed with prejudice because plaintiff has failed to prosecute her action by not complying with court orders to appear at her initial pretrial conference and show cause hearing.[1]

---

[1] Even on the merits, plaintiff's Complaint would have been dismissed for the following reasons: (1) it fails to state a claim to quiet title because it does not allege that plaintiff was current on her loan obligations or has paid off her Adjustable Rate Note ("Note"), <u>see</u> Mem. in Supp. of Def's Rule 12(B)(6) Mot. to Dismiss, Ex. 1, and thus does not plausibly demonstrate superior title to the property in question; (2) it fails to allege any viable claim pursuant to the Truth in Lending Act (TILA) because defendant did not extend plaintiff credit, but is instead identified as a nominal beneficiary by the Deed of Trust, <u>see</u> <u>id.</u>, Ex. 2, at 2; and (3) it fails to identify any cause of action based on the allegation that a

3

First, plaintiff has not established any good cause for why she failed to appear on those occasions. Although she implies that her absence from the initial pretrial conference on September 12 resulted from her lack of notice of that proceeding, that claim is undermined by the "Affidavit of Truth" that she signed and mailed the day before the hearing, in which she stated that she was aware of her court date but "d[id] not consent" to the underlying scheduling order, which was issued by a district judge. Aff. of Truth at 2. Plaintiff's Objections to the Report do not provide any explanation for her absence from either the September 12 or September 28, 2012 hearings, other than that she "d[id] not consent" to appear. Id. Although plaintiff is proceeding pro se, that status does not excuse her refusal to obey court orders to appear. Cf. Bauer v. C.I.R., 97 F.3d 45, 49 (4th Cir. 1996) ("Although trial courts are encouraged to liberally treat procedural errors made by pro se litigants . . . such tolerance does not extend to a litigant's failure to appear in court without explanation or without contacting the court beforehand."); Ballard v. Carlson,

---

current lender is different from the lender at origination, especially where the Note states that it is freely transferable, see id., Ex. 1, at ¶1. The exhibits attached to defendant's motion are deemed to be the authoritative documents governing the parties' relationship because they are integral to the Complaint and because plaintiff does not contest their authenticity. See, e.g., Sec'y of State for Def. v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007).

4

882 F.2d 93, 96 (4th Cir. 1989) (observing that although pro se litigants are accorded some deference, "they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible").

Furthermore, there is no basis for plaintiff's unintelligible "Affidavits of Truth" and other filings that challenge the authority of the magistrate judge and this Court's orders. It is standard practice in the Eastern District of Virginia and in other federal courts for magistrate judges to conduct discovery and schedule matters. See, e.g., Eastern District of Virginia Local Civil Rule 26(A)(2) ("In this district, magistrate judges are authorized to conduct the scheduling and planning conference and issue the scheduling order for which provision is made in Fed. R. Civ. P. 16(b)."); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, . . . ."); U.S. v. Schronce, 727 F.2d 91, 93 (4th Cir. 1984) (noting that the legislative history of § 636(b)(1) reveals congressional intent "to give magistrates a significant role in the federal judicial system" by allowing them "to relieve district courts of specified judicial chores that could be separated from their [A]rticle III responsibilities, in order to reduce increasingly unmanageable case loads"). Moreover,

plaintiff's unseemly, ad hominem attacks on the competence and impartiality of the magistrate judge are utterly groundless.

As the magistrate judge's Report recommends, dismissal with prejudice is appropriate given that: (1) after plaintiff filed this civil action she failed to prosecute it according to the orders of the Court; (2) the defendant has been prejudiced by incurring the costs of litigating against a plaintiff who failed to appear; and (3) no sanction less drastic than dismissal exists to remedy plaintiff's flagrant disobedience of court orders and inappropriate attacks on the integrity of the magistrate judge. See Report at 5 (quoting Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (per curiam)).

Having fully reviewed the Report and plaintiff's Complaint, the Court adopts the findings of fact and conclusions of law contained in the Report as its own. Accordingly, it is hereby

ORDERED that plaintiff's Affidivat [sic] Complaint to Quiet Title [Dkt. No. 1] be and is DISMISSED WITH PREJUDICE. Given the dismissal, Defendant's Rule 12(B)(6) Motion to Dismiss the Complaint [Dkt. No. 3] is DENIED as moot.

To appeal this decision, plaintiff pro se must file, within thirty (30) days of the date of this Order, a written Notice of Appeal with the Clerk of this Court. A written notice of appeal is a short statement indicating a desire to appeal this Order and noting the date of the Order that plaintiff wants to appeal.

Plaintiff need not explain the grounds for appeal until so directed by the Court. Failure to file a timely Notice of Appeal waives plaintiff's right to appeal this decision.

The Clerk is directed to enter final judgment in favor of defendant Mortgage Electronic Registration Systems, Inc. pursuant to Fed. R. Civ. P. 58(a), and to forward copies of this Order to counsel of record and to plaintiff pro se at her address of record by certified mail, return receipt requested.

Entered this 23rd day of October, 2012.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge